UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JEREME LITTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-2578-JDT-cgc |
| | ) | |
| GRADY PERRY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING CASE, DENYING MOTIONS TO APPOINT COUNSEL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On August 28, 2019, Plaintiff Jereme Little, who is incarcerated at the West Tennessee State Penitentiary (WTSP) in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Because Little had not signed his complaint, the Court ordered him to do so and to file the required documents to comply with 28 U.S.C. §§ 1915(a)(1)-(2) or pay the full filing fee. (ECF No. 3.) Little complied with the order and filed a signed complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 4 & 5.) The Court issued an order on October 2, 2019, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.) Little also filed an amended complaint, (ECF No. 6), which supersedes the original and is before the Court for screening. He sues

Grady Perry, former Warden of the Hardeman County Correctional Facility (HCCF),[1] in his official capacity. Little also seeks to sue an unknown, "Jane Doe" counselor and an unknown, "Jane Doe" officer.

Little alleges in the amended complaint that during a previous incarceration at the WTSP, he and his family filed numerous grievances and letters to the Human Rights Department in Nashville, Tennessee, regarding his safety. (ECF No. 6 at PageID 26.) He alleges that someone attempted to kill him in November 2015, and the Tennessee Bureau of Investigation falsely labeled him a gang member. (*Id.*) That incorrect label has allegedly made him "a target throughout" the Tennessee Department of Correction. (*Id.*)

In April 2018, Little was transferred to the HCCF, where he was interviewed about any potential gang affiliation. (*Id.*) Little told the HCCF staff that he was not in a gang and never had been. (*Id.*) A week later, a unit manager Little refers to as "Goldie" allegedly told another inmate that Little was in a gang, and the inmate told the entire pod about Little's false affiliation. (*Id.*) Little alleges that this "placed [him] in [a volatile] position throughout the whole prison." (*Id.*)

Little was later moved to another pod for good behavior. (*Id.*) While there, however, the Jane Doe counselor told him members of the Crips gang wanted him moved because they believed he belonged to a rival gang. (*Id.*) Little denied any gang affiliation but stated he was willing to move to avoid a potential problem. (*Id.* at PageID 26-27.)

---

[1] Perry is now Warden at the South Central Correctional Facility (SCCF) in Clifton, Tennessee. *See* https://www.tn.gov/correction/sp/state-prison-list/south-central-correctional-facility.html.

Although a counselor from another pod agreed to allow Little to transfer to his pod, the move never happened. (*Id.* at PageID 27.)

Little alleges that, about a week later, he was ambushed by gang members, beaten, and stabbed fifteen times. (*Id.*) Another inmate helping him clean up the blood also was attacked and stabbed by the gang members. (*Id.*) Little pressed the panic button in the cell, but the Jane Doe officer on duty did not answer or send help, though Little alleges she was working in the observation booth at the time. (*Id.*) Officers eventually came to take Little for medical attention, and he alleges that he was "chained up and flown by Medical helicopter to Regional One Tra[u]ma Center in Memphis." (*Id.*) Hospital staff allegedly had to use bolt cutters to remove the handcuffs and chains from Little because staff from the HCCF did not bring a key to his restraints. (*Id.* at PageID 27-28.) Little alleges that he required staples and stitches to close the wounds on his head and face. (*Id.* at PageID 28.)

When he was returned to the HCCF, Little alleges he was placed in segregation lockdown in the same unit with the inmates who attacked him and that he was punished the same as those inmates. (*Id.*) He alleges that Warden Perry acknowledged that Little had not done anything wrong and was not in trouble. (*Id.*) Little was transferred to the SCCF about a month later. (*Id.*)

Little seeks monetary damages, an injunction ordering his probation reinstated, and appointment of an attorney. (*Id.* at PageID 30.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for

failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Little filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Little seeks to sue Warden Perry in his official capacity as the former Warden of the HCCF. A suit against a prison official in his official capacity is really a suit against the prison itself. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). By suing Perry in his official capacity (whether as former Warden of HCCF or current Warden of the SCCF), Little has sued CoreCivic, which manages the HCCF (and the SCCF).

Little fails to state a claim against CoreCivic. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that

5

operate prisons or provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). To prevail on a § 1983 claim against CoreCivic, Little "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Little does not allege anything about CoreCivic, much less that one of its policies or customs was the moving force behind the alleged violations of his rights. He therefore fails to state a claim against CoreCivic or against Warden Perry in his official capacity.

With regard to Little's claims against the Jane Doe defendants, service of process cannot be made on unidentified parties, and the filing of a complaint against such unknown defendants does not toll the running of the statute of limitation. *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548-49 (6th Cir. 2016) ("The Sixth Circuit treats naming a specific individual in place of a John Doe as joinder of a new party." (*citing Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996))). In order to proceed against these individuals, Little must identify them and file a new complaint within the one-year limitations period set out in Tennessee Code Annotated 28-3-104(a)(1)(B).

For the foregoing reasons, the Court finds that Little's amended complaint is subject to dismissal for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013)

(per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES this case in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED. Because the case is being dismissed, Little's motions for appointment of counsel, (ECF Nos. 8 & 9), are DENIED as moot.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Little in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the

Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Little nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Little is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Little, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE